| .PER CURIAM.
Our review of this record indicates that the matter sought to be reviewed is an interlocutory, not a final and appealable order. The appeal is, therefore, premature.
The defendant, M.W., pleaded guilty on August 29, 2000, to the charges of forcible rape and aggravated oral sexual battery. The disposition was set in open court for September 21, 2000, at 9:30 a.m. with the probation study (predispositional report) to be supplied to defense counsel and to the assistant district attorney prior to the disposition.
The disposition was held on September 21, 2000. The court adopted the recommendation in the probation study and sentenced M.W. to one-year for the forcible rape charge, one-year for the aggravated oral sexual battery charge and six months on a criminal trespass charge to which M.W. had previously pleaded guilty. The sentences were to run concurrently. The assistant district attorney, however, was not present at the disposition.
The assistant district attorney timely filed a motion to reconsider sentence, alleging as the specific grounds for the reconsideration that she was not provided with a copy of the predispositional report three days in advance of the hearing, as required by La. Ch. C. 891, which deprived the State of the opportunity to call witnesses and present evidence to controvert the substance of that report. La. Ch. C. 893.
At the hearing on the motion to reconsider sentence, the assistant district attorney stated that, since the predispositional report was given to her after the disposition, she was not afforded the opportunity to controvert the study. The assistant district attorney further -stated that, at the time of the disposition, she was having a conference with a victim which, presumably, kept her from attending the disposition and requesting a continuance until the State had the opportunity to Preview the dispositional report in order to cross-examine the individuals who prepared the report. La. Ch. C. 894.
*1291 The judge orally granted a hearing on the motion to reconsider sentence. Defense counsel appealed this decision, citing La.C.Cr.P. art. 914. The State has filed a motion to remand so that the lower court can rule on the motion to reconsider sentence.
The provision of La.C.Cr.P. art. 914 allowing appeals from rulings on motions to reconsider sentences is intended to provide for appeals when the lower court has issued a final ruling on the motion, either modifying the sentence or denying the motion. The provision is not intended to allow for an appeal of the interlocutory order “granting the motion” in which the court merely agrees to hold a hearing for the purpose of reconsidering the sentence.
This appeal is, therefore, premature. While the wording of La. C.Cr.P. art. 914 allows for appeals from a ruling on a motion to reconsider, an order allowing a hearing for the purpose of reconsidering the sentence is interlocutory and is not an appealable matter. If this court were to exercise its supervisory jurisdiction, a writ would be denied because the appellant here would have an adequate remedy by appeal of any adverse ruling of the trial court. The appeal is dismissed as premature and the matter is remanded to the lower court for further proceedings.